UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Steven Andrew Zanazzi,<br><br>                              Plaintiff,<br><br>             -v-<br><br>Town of Babylon et al,<br><br>                              Defendants. | 2:26-cv-514<br>(NJC) (ARL) |

MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

The Court has reviewed pro se Plaintiff's motion for leave to proceed in forma pauperis ("IFP"). (ECF No. 2.) Plaintiff's reported financial position qualifies him to commence this action without prepayment of the filing fee. Accordingly, the IFP motion is GRANTED and the Court respectfully directs service of the summonses and Complaint upon Defendants by the United States Marshal Service ("USMS"). The USMS shall promptly file returns of service upon completion of service.

However, the Court denies Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction ("TRO Motion") (ECF No. 3). The Second Circuit has long established that a party seeking a preliminary injunction must show three things: (1) irreparable harm in the absence of an injunction pending resolution of the action, (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party, and (3) that a preliminary injunction is in the public interest. *See N. Am. Soccer League, LLC v. U.S. Soccer Fed'n*, 883 F.3d 32, 37 (2d Cir. 2018). When a party seeks "mandatory" rather than "prohibitory" preliminary relief, "the

likelihood-of-success and irreparable-harm requirements become more demanding still, requiring that the plaintiff show a clear or substantial likelihood of success on the merits and make a strong showing of irreparable harm." *Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 356 (2d Cir. 2024).

Regardless of the standard, the TRO Motion does not currently satisfy any of the three requirements for a Temporary Restraining Order ("TRO"). Even construing the Complaint liberally and incorporating the facts contained within Plaintiff's submissions in support of his TRO Motion (*see* ECF No. 3 at 5–42)*,* Plaintiff's pleadings fail to present sufficient facts to support those claims. Further, although Plaintiff alleges that he recently commenced a Chapter 13 bankruptcy proceeding, he has not indicated whether he has disclosed the filing of this case to the bankruptcy court. *See In re Steven Andrew Zanazzi*, No. 26-70110 (Bankr. E.D.N.Y.); *see also In re Laiscell*, No. 20-20882, 2023 WL 5006356, at *3 (Bankr. D. Conn. Aug. 4, 2023) ("As a Chapter 13 debtor, pursuant to 11 U.S.C. §§ 541(a)(1) and 1306(a)(1) the Debtor herself has an initial and continuing obligation to disclose claims against third parties that arise both pre and postpetition."). Whether Plaintiff may proceed with his claims in the district court in light of the bankruptcy action is far from clear on the present record. *See Romeo v. FMA All., Ltd.*, No. 15-cv-6524, 2016 WL 3647868, at *9 (E.D.N.Y. June 30, 2016) (finding a plaintiff lacked standing to pursue a civil case in district court having filed a Chapter 13 bankruptcy petition because the claim then belonged to the estate, not the plaintiff).The Complaint alleges that between March 25, 2025 and March 29, 2025, Defendants "took enforcement actions" that violated (1) Plaintiff's Fourth Amendment right against unreasonable searches and seizures; (2) his Fourteenth Amendment right to due process, which the Court understands to refer to Plaintiff's rights to

2

procedural due process; and (3) his Fourteenth Amendment right to equal protection. (Compl. at 3–4.)

In support of the due process claim, the Complaint alleges that Defendants took the challenged enforcement actions "without providing the Plaintiff advance notice, a hearing, or a court-ordered eviction." (Compl. at 4.) However, alongside the TRO Motion, Plaintiff submits a Notice of Violation from the Town of Babylon that directed Plaintiff to appear for an administrative adjudication on June 4, 2024 for unlawful occupancy. (ECF No. 3 at 9.) Plaintiff also submits a ninety-day notice to vacate dated January 31, 2025. (*Id.* at 24) Plaintiff has not alleged what additional notice and opportunity to be heard he was entitled to receive nor that it was not provided. Likewise, Plaintiff has not clearly alleged, much less shown, the factual and legal bases for his Fourth Amendment and equal protection claims. For example, it is not clear from the Complaint or the TRO Motion on what basis Plaintiff challenges his eviction or the Town Code violations that allegedly precipitated his eviction. (*See* Compl. at 4 (describing the Town Code violations).) Finally, Plaintiff has not shown that he will suffer irreparable harm in the absence of an injunction given that he was evicted almost a year ago. (*See id.*)

Accordingly, the TRO Motion (ECF No. 3) is denied and Plaintiff must file an Amended Complaint by **February 19, 2026**, pleading with greater particularity the factual bases for each of his claims. Plaintiff should also clearly plead the specific enforcement actions taken by each of the Defendants that he names in his Complaint. Plaintiff is advised that an Amended Complaint completely replaces the original complaint. Therefore, all claims against each Defendant must be included in the Amended Complaint as well as factual support for each claim. The Amended Complaint shall clearly be entitled "Amended Complaint" and shall bear the same Docket Number as this Order, 26-cv-514. Should Plaintiff fail to file an Amended Complaint

within the time allowed, absent a showing of good cause, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) and Federal Rule of Civil Procedure 41(b). The Court encourages Plaintiff to avail himself of the free resources available to him at the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse. The Clinic can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic can be conducted remotely via telephone. If you wish to contact the Pro Se Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

The Clerk of the Court shall mail a copy of this Order to Plaintiff at his address of record and shall record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
       January 30, 2026

                                               */s/ Nusrat J. Choudhury*
                                               NUSRAT J. CHOUDHURY
                                               United States District Judge