**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Steven Andrew Zanazzi,<br><br><div align="center">Plaintiff,</div><br><div align="center">-v-</div><br>Town of Babylon et al,<br><br><div align="center">Defendants.</div> | <div align="center">2:26-cv-514<br>(NJC) (ARL)</div> |

<div align="center">

**MEMORANDUM AND ORDER**

</div>

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Steven Zanazzi commenced this action on January 29, 2026 against the Town of Babylon, Babylon Town Attorney Jorge Rosario, Babylon Town Investigator Richie Thompson, Babylon Ordinance Inspector Silvia Calderon, 782 Marconi Blvd Corp., 361 Sunrise Hwy Corp. Yahya Bayat, and Fulya Evren-Bayat. (Compl., ECF No. 1.) He brings claims stemming from his eviction from his home on March 29, 2025 for unreasonable search and seizure in violation of the Fourth Amendment, deprivation from his home without adequate procedural due process in violation of the Fourteenth Amendment, retaliation in violation of the First Amendment, and various state law claims. (Am. Compl., ECF No. 8.)

On January 30, 2026, the Court granted Mr. Zanazzi's Motion for leave to proceed in forma pauperis, directed service of the summonses and Complaint upon the Defendants by the United States Marshall Service ("USMS"), and ordered that the USMS promptly file returns of service upon completion of service. (Jan. 30, 2026 Mem. & Order, ECF No. 6.) In that Order, the Court also denied a Motion for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction filed by Mr. Zanazzi alongside his Complaint (the "First TRO Motion")

and ordered that Mr. Zanazzi file an Amended Complaint by February 19, 2026, pleading with greater particularity the factual bases for each of his claims.

On February 17, 2026, Mr. Zanazzi filed an Amended Complaint, accompanied by a renewed Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction (the "Renewed TRO Motion," ECF No. 9) and a second Motion for Leave to Proceed IFP (the "Second IFP Motion," ECF No. 10.) Both are denied for the following reasons.

First, the Second IFP Motion is denied as moot because the Court already granted Mr. Zanazzi leave to proceed IFP. (Jan. 30, 2026 Mem. & Order.) However, the USMS has not yet filed returns of service showing completion of service. As a result, the Court respectfully directs that the USMS serve this Order and the Amended Complaint upon Defendants alongside the summonses and Complaint.

Second, the Renewed TRO Motion is denied because it fails to correct the issues identified with the First TRO Motion. As the Court set out in the January 30, 2026 Memorandum and Order, the Second Circuit has long established that a party seeking a preliminary injunction must show three things: (1) irreparable harm in the absence of an injunction pending resolution of the action, (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party, and (3) that a preliminary injunction is in the public interest. *See N. Am. Soccer League, LLC v. U.S. Soccer Fed'n*, 883 F.3d 32, 37 (2d Cir. 2018); *see also* Jan. 30, 2026 Mem. & Order at 1. When a party seeks "mandatory" rather than "prohibitory" preliminary relief, "the likelihood-of-success and irreparable-harm requirements become more demanding still, requiring that the plaintiff show a clear or substantial likelihood of success on the merits and make a strong showing of irreparable

harm." *Daileader v. Certain  Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 356 (2d Cir. 2024).

In the January 30, 2026 Memorandum and Order, the Court held that, regardless of the standard, the First TRO Motion was denied for four reasons:

(1) "although Plaintiff alleges that he recently commenced a Chapter 13 bankruptcy proceeding, he has not indicated whether he has disclosed the filing of this case to the bankruptcy court . . . [and] [w]hether Plaintiff may proceed with his claims in the district court in light of the bankruptcy action is far from clear on the present record";

(2) the claims alleged in the Complaint were predicated on the allegation that Mr. Zanazzi had been evicted without "notice, a hearing, or a court-ordered eviction," but Mr. Zanazzi had submitted a ninety-day notice to vacate and a "Notice of Violation from the Town of Babylon that directed Plaintiff to appear for an administrative adjudication on June 4, 2024 for unlawful occupancy";

(3) Mr. Zanazzi had "not shown that he will suffer irreparable harm in the absence of an injunction given that he was evicted almost a year ago"; and

(4) Mr. Zanazzi had not clearly alleged, much less shown, the factual and legal bases for his . . . claims." This included that Mr. Zanazzi had not described the specific "enforcement actions" he alleged that Defendants had taken, the Town Code violation that precipitated his eviction, or numerous other facts essential to his claims.

(Jan. 30, 2026 Mem. & Order at 2–4.)

The Amended Complaint and Renewed TRO Motion includes a significant number of new factual allegations, but they do not resolve the issues identified in the January 30, 2026 Memorandum and Order. The Amended Complaint acknowledges Mr. Zanazzi's Chapter 13 bankruptcy for "the avoidance of doubt regarding Plaintiff's standing," but neither the Amended Complaint, nor the Renewed TRO Motion, address the cases cited in the January 30, 2026 Memorandum and Order that make it "far from clear" whether Mr. Zanazzi may proceed in the district court in light of the bankruptcy action. Am. Compl. ¶ 18; Jan. 30, 2026 Mem. & Order at 2. Likewise, although the Amended Complaint makes new factual allegations, it continues to allege that Mr. Zanazzi was evicted "without a warrant, court order, vacate directive, or any form

3

of judicial process," despite evidence in the record to the contrary. (Am. Compl. ¶ 1; *see* ECF No. 3 at 9, 24.)[1] The Amended Complaint and TRO Motion also allege that on October 31, 2025, the Town "communicated that Plaintiff could re-enter" his home but the "Property remained boarded." (ECF No. 9 at 8; Am. Compl. ¶ 51.) As a result, it is not clear whether the Court can order all the relief Mr. Zanazzi seeks given the possibility that he may be allowed to return already.[2] Finally, although Mr. Zanazzi alleges new facts relating to the harms he has suffered since his eviction, the Renewed TRO Motion does not sufficiently demonstrate that he will suffer irreparable harm in the absence of an injunction given that these injuries have been ongoing for almost a year. (*See* ECF No. 9 at 11–12.)

---

[1] Mr. Zanazzi's pleadings include additional allegations that raise concerns for the Court about the factual representations made within them. For example, attached to the Renewed TRO Motion are several documents in which Mr. Zanarazzi alleges that "a signed Temporary Restraining Order (TRO) was issued" in a then pending Article 78 proceeding in the Suffolk County Supreme Court. (ECF No. 9 at 92; *see also id.* at 88, 94, 96.) Although the Amended Complaint does not include this allegation, these documents give the impression that another court issued a TRO "expressly prohibit[ing] the Town of Babyon . . . from taking any action to evict" Mr. Zanazzi. (*Id.* at 92.)

The purported TRO is attached as an exhibit to Mr. Zanazzi's instant Renewed TRO Motion and reflects that this Order was not in fact a TRO. (*Id.* at 57–59.) Instead, the court issued an Order to Show Cause, with all portions of the Order seeking a TRO crossed out and two hand-written notations in the margins reading, "no TRO." (*Id.* at 57–58.) The Court takes judicial notice that in a subsequent order denying Mr. Zanazzi's Motion for a TRO in the Article 78 proceeding, the court noted that Mr. Zanazzi had alleged that the respondents had violated the court's TRO, but "[t]he signed Order to Show Cause specifically ordered that no Temporary Restraining Order was granted." *Zanazzi v. Town of Babylon*, No. 628185/2025 (N.Y. Sup. Ct., Apr. 29, 2025), Dkt # 97 at 3. The court went on to conclude that "[n]otwithstanding" an "insufficient opposition" by the Town of Babylon, Mr. Zanazzi had not satisfied the requirements for a TRO. *Id.* at 4. As a result, Mr. Zanazzi appears to be attempting to relitigate here the TRO Motion that was denied in the Article 78 proceeding.

[2] This relief includes an Order that Mr. Zanazzi be given supervised access to the property in question, that electricity be restored to the property, that Defendants be ordered to not destroy Mr. Zanazzi's personal property, and that Defendants release Mr. Zanazzi's 1989 Chevrolet C30 truck to him. (ECF No. 9 at 2.)

Accordingly, the Renewed TRO Motion is denied with respect to both Mr. Zanazzi's request for a TRO and his request for a preliminary injunction, because Mr. Zanazzi has failed to satisfy the three requirements for a preliminary injunction. *See N. Am. Soccer League*, 883 F.3d at 37.

The Court encourages Plaintiff to avail himself of the free resources available to him at the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse. The Clinic can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic can be conducted remotely via telephone. If you wish to contact the Pro Se Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

The Clerk of the Court shall mail a copy of this Order to Plaintiff at his address of record and shall record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
      February 19, 2026

                                           */s/ Nusrat J. Choudhury*
                                         NUSRAT J. CHOUDHURY
                                         United States District Judge