**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Steven Andrew Zanazzi,<br><br>                               Plaintiff,<br><br>            -v-<br><br>Town of Babylon et al,<br><br>                               Defendants. | 2:26-cv-514<br>(NJC) (ARL) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Steven Andrew Zanazzi has filed a third motion seeking entry of a temporary restraining order and preliminary injunction. (ECF No. 24.) This motion is denied for the reasons set forth below and in the Court's January 30, 2026 and February 19, 2026 Orders, which denied Zanazzi's prior motions for temporary and preliminary relief and are incorporated by reference in this Order. (*See* ECF Nos. 6, 11.)

Zanazzi makes clear in his present application for preliminary injunctive relief that his "assets include, but are not limited to" some 67 pieces of equipment, including five trucks and vehicles, nine tractors and other heavy equipment, twelve mowers, and 43 other grounds equipment, general equipment and trailers with a value that "substantially exceeds $150,000. (ECF No. 24 at 3–4.) Notably, Zanazzi acknowledges that he has stored these items at 361 Sunrise Highway in West Babylon, New York since 2011 without paying any rent and without any claim that he is the owner of that property. (*Id.*) Indeed, Zanazzi reports that the State Court, "[i]n its October 22, 2025 Decision After Trial . . . found that the property is 'a vacant lot' and that [Zanazzi] is a 'licensee of the premises.'" (*Id.* at 4.) Given that "New York law [] does not

confer any affirmative rights on licensees requiring them to be given "a reasonable opportunity to vacate a property," Zanazzi has not demonstrated a likelihood of success on the merits. *Smith v. Cnty. of Nassau*, No. 10-cv-4874, 2015 WL 1507767, at *9 (E.D.N.Y. Mar. 31, 2015), *aff'd*, 643 F. App'x 28 (2d Cir. 2016) ("Because Plaintiff had no cognizable property interest in the continued occupancy of the Property as a licensee, the Court grants Defendants' motion for summary judgment as to this issue, and dismisses Plaintiff's due process claim"). He has also failed to establish the three requirements for a Temporary Restraining Order and Preliminary Injunction for the reasons set forth in the Court's January 30, 2026 and February 19, 2026 Orders.

Moreover, the fact that Zanazzi's assets exceed $150,000, as detailed in his latest application for preliminary relief (ECF No. 24 at 3–4), bears on his prior application to proceed in forma pauperis ("IFP") in this action. "[A] federal district court has the authority to rescind or revoke the in forma pauperis status that it has previously bestowed upon a plaintiff, if the court discovers that the status had been improvidently granted." *Brodsky v. J.P. Morgan Chase & Co.*, No. 17-cv-5529, 2019 WL 181316, at *1 (E.D.N.Y. Jan. 10, 2019). In light of Zanazzi's substantial assets, this Court vacates its January 6, 2026 Order insofar as it granted Zanazzi's motion to proceed IFP. **Zanazzi must within 21 days of this order either pay the $405 filing fee or complete and return the enclosed "Application to Proceed in District Court without Paying Fees or Costs (Long Form)" (AO 239), along with a letter explaining why he did not disclose his substantial assets in his initial IFP application and/or why they do not preclude him form proceedings IFP.** *See, e.g.*, *Brodsky*, 2019 WL 181316, at *1 (revoking its prior grant of IFP and ordering the plaintiff to either pay the filing fee or complete the IFP long form).

Zanazzi also moves for permission to electronically file papers and for assistance with the unsuccessful attempt by the United States Marshal Service to serve Defendants 782 Marconi Blvd and 3614 Sunrise Hwy Corp. (ECF No. 25.) These applications are denied. Rule 5(d)(3)(B)(i) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that, "[a] person not represented by an attorney . . . may file electronically only if allowed by court order or local rule." Moreover, "use of the ECF system by a pro se litigant is a privilege, not a right." *Shukla v. Apple Inc.*, No. 21-cv-3287, 2021 WL 5281371, at *3 (S.D.N.Y. Nov. 12, 2021). Here, Zanazzi's papers have been promptly uploaded to the docket, and he does not claim otherwise. Rather, Zanazzi states that his "medical conditions, his housing circumstances, and the practical demands of this multi-forum litigation" require electronic filing because "[p]aper filing requires Plaintiff to travel to the Clerk's Office in Central Islip, wait in line and return home . . . ." (ECF No. 25 at 1-2.) While sympathetic to Zanazzi's situation, he is not required to hand deliver papers to the Court. Zanazzi may utilize the United States Postal Service or any delivery service he chooses. He may also upload papers to the Court's Pro Se Electronic Document Submission without leave of Court. *See* https://prose.nyed.uscourts.gov/.

Finally, given that his IFP status has been revoked, Zanazzi is no longer entitled to service of process by the United States Marshal Service. *See* 28 U.S.C. § 1915(d). Accordingly, that prong of Zanazzi's application is denied as it is now moot. Should Zanazzi fail to show that he is entitled to IFP by submitting the long form, he must file a return of service in accordance with the requirements of Rule 4, Fed. R. Civ. P., reflecting that proper service has been effected as to each Defendant no later than 90 days from his January 29, 2026 filing of the Complaint. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the

3

court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Zanazzi is cautioned that repetitive submissions and those seeking relief already decided by the Court are an abuse of the judicial process. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."). Given that Zanazzi has filed three emergency motions seeking similar relief, his repetitive applications are an abuse of the judicial process. Should he continue in this course of conduct, the Court may impose sanctions.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court shall mail a copy of this Electronic Order to Zanazzi at his address of record and shall note such mailing on the docket.

Dated: Central Islip, New York
      April 2, 2026

                                   */s/ Nusrat J. Choudhury*
                                  NUSRAT J. CHOUDHURY
                                  United States District Judge